UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

### CASE NO. 1:16-CV-24894-JLK

EARLINE MCBRIDE,

      Plaintiff,

v.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINES, INC.,

      Defendant.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**THIS MATTER** comes before the Court upon Defendant Carnival Corporation's
("Carnival") Motion for Summary Judgment ("Motion") (D.E. 84), filed July 8, 2019.[1]

### I.      BACKGROUND

This personal injury case arises from Plaintiff's fall from her wheelchair while in the
process of disembarking Carnival's vessel *Ecstasy* at the Port of Miami on November 23, 2015.
In her Complaint, Plaintiff claims that her accident was caused by Carnival's negligence in, *inter
alia*, (a) "fail[ing] to provide a reasonably safe means of . . . egress from the subject vessel for
passengers;" (b) "fail[ing] to warn passengers . . . of the dangerous condition which existed;"
(c) "fail[ing] to properly train its employees in the use of the gangway for the disembarkation of
disabled passengers;" (d) "fail[ing] to provide an appropriately designed gangway;" and (e) its
employees, "operating in the course and scope of their employment, fail[ing] to safely disembark

---

[1] The *Court has also considered* Plaintiff's Response in Opposition (D.E. 94), filed July 22, 2019; and
Carnival's Reply (D.E. 104), filed July 26, 2019.

Plaintiff" (D.E. 1, at 6–7, ¶ 25b, f, g, l, m).  Moreover, Plaintiff alleges that "Defendant was on actual or constructive notice of the presence of said conditions" (*id.* at 7, ¶ 26).

The Court's deadline for all discovery in this action was July 3, 2019, over thirty months after Defendant filed its Answer on December 27, 2016 (D.E. 9).  Following the close of all discovery, Carnival filed the instant Motion for Summary Judgment (D.E. 84), requesting judgment as a matter of law that (1) it is not liable for the alleged negligence of Mr. Charles, the man pushing Plaintiff's wheelchair, because he was not directly employed by Carnival (*id.* at 5–7); (2) it is not liable for the design of the gangway or the gangway ramp (*id.* at 7–8); and (3) it had no notice that there was a dangerous condition in the gangway (*id.* at 8–12).

## II.    DISCUSSION

### A. Legal Standard on Summary Judgment

Summary judgment is appropriate where there is "no *genuine* issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c) (emphasis added); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).  An issue is genuine if a reasonable fact finder could return a verdict for the nonmoving party.  *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996).  A fact is material if it may affect the outcome of the case under the applicable substantive law.  *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997).  The moving party has the burden of establishing both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 106 S. Ct. 1348, 1356 (1986).

### B. Maritime Negligence

To prevail on a maritime negligence claim, a plaintiff must establish that (1) the defendant owed the plaintiff a duty (*e.g.*, to maintain the ship in a safe condition for passengers, to warn

2

passengers of dangers that are not open and obvious); (2) the defendant breached the duty; and (3) the breach actually and proximately caused injury to the plaintiff. *See, e.g., Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012). The duty of care that a shipowner owes to passengers is "ordinary reasonable care under the circumstances." *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989). Therefore, the plaintiff must prove there was a condition on the ship that not only caused his or her injury, but also that could reasonably be seen as unsafe.

As such, to be held liable for breach of a duty of care, a ship owner must have had "actual or constructive notice of the unsafe condition," meaning that it knew or reasonably should have known of the condition. *Id.* at 1322 (For liability to exist, "the carrier [must] have had actual or constructive notice of the risk-creating condition, at least where . . . the menace is one commonly encountered on land and not clearly linked to nautical adventure."). An example of constructive notice is where a "hazard [has] been present for a period of time so lengthy as to [reasonably] invite corrective measures" by the shipowner. *Id.* Evidence of "substantially similar" prior accidents or occurrences may support the ship owner having had notice, *see Sorrels v. NCL (Bah.) Ltd.*, 796 F.3d 1275, 1287–88 (11th Cir. 2015), but this is not at all the exclusive means of proving a ship owner's notice.

### C. Carnival's Duty to Provide Safe Egress is Nondelegable

First, Carnival argues that it is not liable for the alleged negligence of Mr. Charles, because the record shows that Mr. Charles was "employed by SMS, a non-party independent contractor"[2] (D.E. 84, at 5), and that it did not owe Plaintiff "a non-delegable duty to provide safe egress from the vessel such that it would be liable for any negligence of SMS" (*id.* at 15–16). Plaintiff alleged

---

[2] The company's full name is SMS International Shore Operations US Inc.

in her Complaint that Carnival owed her such a nondelegable duty (*id.* at 12 (citing D.E. 1, at 3, ¶ 9)), and the Eleventh Circuit opinion *Vierling v. Celebrity Cruises, Inc.*, 339 F.3d 1309 (11th Cir. 2003) (Tjoflat, J.) clearly states:

> A high degree of care is demanded of common carriers toward their passengers. Included in this high degree of care is the *duty to maintain reasonable, safe means for passengers to* board and *disembark. This duty is nondelegable*, and the failure of shipowners to provide such a means renders them liable in damages.

*Id.* at 1319 (emphasis added) (internal citations omitted). Carnival here contends this language is mere dicta, where "the issue of whether or not the passenger himself was owed a nondelegable duty was not before the court on appeal" (D.E. 84, at 14). Indeed, the Eleventh Circuit in *Vierling* was ruling on the ship's entitlement to indemnification from the Port Authority. *See Vierling*, 339 F.3d at 1319–20.

Nevertheless, Plaintiff responds—and Carnival admits (D.E. 84, at 13 n.1)—that district courts have relied on *Vierling* for the proposition that a ship has a nondelegable duty to provide safe egress: *McLean v. Carnival Cop.*, Case No. 12-cv-24295-CMA, 2013 WL 1024257, at *3 (S.D. Fla. Mar. 14, 2013); *Crouch v. Carnival Corp.*, Case. No. 06-cv-22660-ASG, 2007 WL 9702149, at *7 (S.D. Fla. Oct. 30, 2007) (D.E. 94, at 3–4). In addition, Plaintiff cites several cases from around the United States considering these issues and holding similarly to *Vierling*, including *Samuelov v. Carnival Cruise Lines, Inc.*, 870 So. 2d 853, 856 (Fla. 3d Dist. Ct. App. 2003); *Arceneaux v. Ingram Barge Co.*, Civ. A. No. 94-2505, 1995 WL 527635, at *2 (E.D. La. Sept. 5, 1995); and *Hamilton v. Marine Carriers Corp.*, 332 F. Supp. 223, 232 (E.D. Penn. 1971) (*id.* at 3–5).

This Court agrees with Judge Tjoflat's reasoning in *Vierling* that a common carrier has a "duty to maintain reasonable, safe means for passengers to . . . disembark" and that "[t]his duty is nondelegable." *Vierling*, 339 F.3d at 1319. As such, the Court holds that Carnival here cannot

4

avoid liability for Mr. Charles's actions during Plaintiff's disembarkation of Carnival's ship by "delegating" its duty to provide safe egress.

### D.  Carnival Is Not Liable for the Design of the Gangway Ramp

Second, Carnival argues it is entitled to judgment as a matter of law on Plaintiff's claim that it "failed to provide an appropriately designed gangway" and that it "negligently selected an unsafe design for the area in question," because Plaintiff has not adduced any evidence that Carnival participated in the design of the gangway (D.E. 84, at 7–8 (quoting D.E. 1, ¶¶ 25l, 27)). In response, Plaintiff "concedes that the evidence . . . shows that Carnival was not involved in the physical design and placement of the gangway ramp in the Port of Miami" (D.E. 94, at 14). Therefore, Carnival's Motion for Summary Judgment as to this claim is due to be granted.

### E.  Whether Carnival Had Notice Raises Genuine Issues of Material Fact

Third, Carnival argues that it did not have actual or constructive notice of a dangerous condition on the gangway for wheelchairs and that therefore it is entitled to judgment as a matter of law on at least Plaintiff's failure to warn claim, citing *Taiariol v. MSC Crociere S.A.*, 677 F. App'x 599 (11th Cir. 2017) (per curiam) (D.E. 84, at 8–12; D.E. 104, at 7–9).  In *Taiariol*, the Eleventh Circuit affirmed a district court's granting of summary judgment on the plaintiff's failure to warn claim, where the plaintiff presented no evidence whatsoever "*that the defendant had notice of any risk-creating condition.*"  *Id.* at 601.  In particular, as Carnival emphasizes (D.E. 84, at 9; D.E. 104, at 7), the plaintiff presented no evidence of a prior incident substantially similar to her "slipping on the nosing of one of" the step's in the balcony of a theater on the ship. *See id.* at 600–01.  Furthermore, in its Reply (D.E. 104, at 8–9), Carnival cites *Gorczyca v. MSC Cruises, S.A.*, 715 F. App'x 919 (11th Cir. 2017) (per curiam), in which summary judgment was affirmed on the

issue of notice where the plaintiff "failed to produce evidence that any other passengers before her tripped on the steps of the Pantheon Theater due to a faulty or loose metal nosing," *id.* at 922.

Here, the evidence that Carnival "anticipates that Ms. McBride will rely on" to establish Carnival's notice (D.E. 84, at 9) includes (a) the minutes of an M/S Carnival *Ecstasy* Shipboard Safety Committee meeting dated March 2, 2014 (D.E. 84-7) that documents that "the deck 7 gangway has a very steep short ramp and this creates a challenge for wheelchair pushers trying to get the guests over the ramp into the gangway" (*id.* at 4); (b) a Passenger Injury Statement filled out in handwriting by Joanne Ryan on April 18, 2015 that states that she was being wheeled in a wheelchair in "tunnel boarding ship" and that the wheelchair tipped over (D.E. 84-5, at 1); and (c) an email dated April 18, 2015 from Andrew Leiva (Manager of Pier Operations for Carnival) to ship staff stating that "[a]t 2:00pm we had a guest, Joanne Ryan . . . fall while being assisted in a wheelchair by one of the crew members . . . in the gangway" (*id.* at 3). Carnival contends that "Ms. McBride has not gathered any additional evidence . . . that would indicate any similarity between Ms. Ryan's incident and Ms. McBride's[, such as] evidence that it was the same gangway, or even evidence as to what specifically caused Ms. Ryan to fall from her wheelchair" (D.E. 84, at 10). Equally, Carnival argues that "[t]here is no indication that [the] meeting minute even refers to the gangway at the Port of Miami" (*id.* at 11).[3] Plaintiff contests these points (*see* D.E. 94, at 16–19), for example by citing deposition testimony of SMS's corporate representative Andrius Zickevicius supporting that "Carnival has routinely only used the same two gangways located at Terminals D and E in the Port of Miami" (*id.* at 16 (citing Zickevicius Dep., at 80:18–81:19 (D.E. 94-5, at 3–4))).

---

[3] Carnival quotes from the deposition of Carnival's corporate representative on this point (D.E. 84, at 11–12) and cites "Exhibit 'D' at 109:21 to 111:5" (*id.* at 12). However, those pages are missing from Exhibit D to Defendant's Motion; as such, the Court unable to consider this evidence.

Notwithstanding Carnival's arguments for summary judgment, the Court concludes that the evidence proffered by Plaintiff is sufficient to create a genuine issue of material fact as to whether Carnival knew or should have known of any condition in the gangway potentially hazardous to passengers in wheelchairs disembarking the ship. Thus, whether Plaintiff's own incident was caused by a known or foreseeable defect or "gap" in the gangway is a genuine issue appropriate for resolution at trial.

## III.   CONCLUSION

Therefore, Carnival is entitled to summary judgment on Plaintiff's negligent design claim, but Plaintiff's remaining negligence claims should be resolved at trial. Accordingly, it is **ORDERED, ADJUDGED, and DECREED** that Defendant's Motion for Summary Judgment **(D.E. 84)** be, and the same is, hereby **GRANTED in part** so that Carnival is awarded judgment as a matter of law that it is not liable for the design of the gangway, and otherwise **DENIED**.

**DONE and ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse in Miami, Florida, on this 31st day of July, 2019.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:   **All Counsel of Record**