UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 16-24894-CV-KING

EARLINE MCBRIDE,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.

_____/

## ORDER DENYING OBJECTIONS TO
## MAGISTRATE'S ORDER ON MOTIONS IN LIMINE (DE 124)

THIS CAUSE comes before the Court upon the parties' objections to Magistrate Judge Jacqueline Becerra's *Order Memorializing August 28, 2019 Hearing* (the "Order") (DE 124), docketed September 5, 2019. Judge Becerra granted in part and denied in part Plaintiff's Motion in Limine (the "Motion") (DE 74). Both parties objected to the Order on September 19, 2019, Plaintiff objecting to Judge Becerra's ruling on the collateral source rule (DE 136) and Defendant objecting to Judge Becerra's ruling on the attorney-client privilege (DE 137). Upon a thorough review of the record, and being otherwise fully advised in the premises, the Court concludes that the parties' objections should be denied.[1]

---

[1] The Court has also considered each party's response (DE 141 and DE 142) and corresponding replies (DE 145 and DE 146) to each other's objections.

## I. BACKGROUND

As background, Plaintiff filed the Motion on July 5, 2019, seeking (1) to exclude evidence at trial of Plaintiff's health insurance coverage by invoking the collateral source rule (the "first issue"), and (2) to exclude evidence at trial of a potential referral relationship between Plaintiff's attorney and Plaintiff's treating physician (Dr. Roush) by invoking the attorney-client privilege (the "second issue") (DE 74 at 1–3). Judge Becerra held a hearing on the Motion on August 28, 2019 (DE 124 at 1). Judge Becerra ruled on the Motion at the hearing and thereafter memorialized her findings through a separate order of the Court (DE 124).

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 72(a) and Local Magistrate Rule 4(a)(1), a magistrate judge's ruling on a non-dispositive matter may be appealed to the district judge. The district judge may set aside a magistrate judge's order that is "clearly erroneous or contrary to law." *Id.*

## III. DISCUSSION

On the first issue, Judge Becerra denied the Motion and held the collateral source rule to be inapplicable. The collateral source rule prevents a tortfeasor from mitigating damages by introducing evidence of payments from a collateral source to a plaintiff. *See Bonnell v. Carnival Corp.*, No. 13-CV-22265-WILLIAMS, 2015 WL 12712609, at *3 (S.D. Fla. Jan. 20, 2015). But here, no payments from a collateral source have been made. Instead, Defendant seeks to introduce evidence establishing the *lack* of payments to Plaintiff to support its "failure to mitigate damages" defense and attempt to show that Plaintiff inflated her damages by intentionally seeking treatment not covered by her health insurance plan (DE 124 at 2). As Judge

2

Becerra correctly recognized, because no payments have been made, the collateral source rule does not bar evidence of Plaintiff's health insurance coverage.[2] Whether such evidence is otherwise admissible under the Federal Rules of Evidence will be determined upon proper objection at trial.

On the second issue, Judge Becerra granted the Motion in part. Judge Becerra held that "Defendant is precluded from arguing or eliciting evidence that counsel for Plaintiff referred Plaintiff to her treating physicians, or that the treating physicians may have a relationship with Plaintiff's counsel given the number of referrals that the treating physicians receive from counsel." (DE 124 at 5). However, Judge Becerra permitted Defendant to argue that the treating physicians utilize Letters of Protection ("LOPs") "or other payment arrangements to establish the treating physicians' interest in the litigation, and therefore, the witness' bias." *Id.* Judge Becerra's ruling is based on *Worley v. Central Florida Young Men's Christian Association*, 228 So. 3d 18, 25 (Fla. 2017), where the Florida Supreme Court applied the attorney-client privilege to bar discovery of the referral relationship between the plaintiff's attorney and the plaintiff's treating physician.[3] However, *Worley* does not apply to the relationship between "a party and its retained expert." 228 So. 3d at 23. Therefore, according to Defendant, Judge Becerra's ruling that *Worley* is applicable must be reversed because it was based on a misunderstanding that Dr. Roush would only be testifying as a treating physician and not as an expert (DE 137 at 4).

---

[2] For this reason, Plaintiff's reliance upon *Bourque v. Diamond M. Drilling Company* is misplaced. 623 F.2d 351 (5th Cir. 1980).

[3] "Attorney-client privilege is governed by state law in diversity actions." *1550 Brickell Assocs. v. Q.B.E. Ins. Co.*, 253 F.R.D. 697, 699 (S.D. Fla. 2008).

3

The Court finds that although Dr. Roush may offer some expert opinions at trial (DE 101 at 10), he is still a "treating physician" under *Worley* because he "[did] not acquire [his] expert knowledge for the purpose of litigation, but rather simply in the course of attempting to make [his] patient[s] well." *Id.* (quoting *Frantz v. Golebiewski*, 407 So. 2d 283, 285 (Fla. 3d DCA 1981)). The policy rationale behind *Worley* is to prevent a "chilling effect on doctors who may refuse to treat patients who could end up in litigation out of fear of becoming embroiled in the litigation themselves." *Id.* at 26. Such a concern is not implicated when a party simply retains an expert solely for the purpose of testifying at trial (because that expert was not the treating physician). But that concern is readily apparent for a treating physician, regardless of whether the treating physician eventually offers some expert opinion testimony at trial based upon his or her treatment of the patient. Because Dr. Roush is listed as a treating physician and not a *retained* expert (DE 67 at 2), *Worley* applies to bar evidence[4] of a referral relationship between Plaintiff's treating physician and Plaintiff's counsel, even though Dr. Roush may testify at trial as to Plaintiff's future medical needs (DE 101 at 10).[5] In short, Judge Becerra's application of *Worley* was not clearly erroneous or contrary to law.

---

[4] *See Bellezza v. Menendez*, 273 So. 3d 11, 15 (Fla. Dist. Ct. App. 2019) ("If [information regarding the relationship between plaintiff's counsel and plaintiff's treating physician] is not discoverable, it certainly is not admissible.").

[5] "It is an established principle, often referred to as the 'tipsy coachman' rule, that a decision by a trial court must be affirmed if it is correct for any reason that is supported by the record." *Fla. Carry, Inc. v. Univ. of North Fla.*, 133 So. 3d 966, 996 (Fla. Dist. Ct. App. 2013).

Upon thorough consideration of the record, the Court concludes that the *Order Memorializing August 28, 2019 Hearing* (DE 124) is neither clearly erroneous nor contrary to law. Accordingly, the Court being otherwise fully advised, it is **ORDERED, ADJUDGED, and DECREED** that Plaintiff's Objections to the Magistrate's Order on Plaintiff's Motion in Limine **(DE 136)** be, and the same hereby is, **DENIED**. It is further **ORDERED, ADJUDGED, and DECREED** that Defendant's Objection to Magistrate Judge's Order on Motion in Limine **(DE 137)** be, and the same hereby is, **DENIED**.

**DONE and ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 1st day of November, 2019.

                                                                    *[signature]*
                                                                    JAMES LAWRENCE KING
                                                                    UNITED STATES DISTRICT JUDGE
                                                                    SOUTHERN DISTRICT OF FLORIDA

cc: **Magistrate Judge Jacqueline Becerra**
      **All Counsel of Record**